----<>-o-o-<>+----

JOHNSON'S ADMINISTRATORS, Respondents, v. STEAMBOAT ARA-
BIA, Appellant.

1. Where a slave is lost overboard and drowned in consequence of being, without the permission of his master, put to work "wooding" by the officers of a steamboat, upon which he was being transported, the steamboat will be liable for the loss.

*Appeal from St. Louis Court of Common Pleas.*

The facts sufficiently appear in the opinion of the court.

*Hudson & Thomas*, for appellant.
*H. Hitchcock*, for respondents.

LEONARD, Judge, delivered the opinion of the court.

The jury were very properly instructed as to the law of the case. The slave was being transported on the defendant from Kentucky to St. Louis, and during the voyage an officer of the boat put him to "wooding" without his master's permission, and while so engaged he fell overboard and was drowned. The court directed the jury that if the boy were lost through the carelessness or unskillfulness of the officers or crew of the boat, or that, if an officer of the boat, without the master's permission, put the boy at work, and he was lost while he was so engaged and in consequence thereof, the defendant was liable; but that he was not liable on the latter ground, if the work did not contribute to his death. In Garneau v. Herthel, (15 Mo. 192,) this court decided that a person, who employs the slave

of another, without the master's permission, to perform labor for him which exposes the life of the slave to danger, must bear the consequences of such engagement ; and if the slave be killed by the effect of the business or employment, in which he has been engaged without his master's permission, the person so employing him must pay his value to his master. The correctness of this proposition can not be questioned, and it was sufficient for the case then before the court. But the law goes further, and accordingly in the present case the court below put the defendant's liability upon the ground that the slave was lost in consequence of the work to which he had been wrongfully put by the defendant's officers ; and this is the correct ground. A party's liability, in such a case, is founded upon his own wrong in putting another's slave at any work without the owner's permission, which justly subjects him to all the loss resulting from the employment.

All the defendant's instructions that were proper to be given, were embraced in those the court gave. There is no error in the record, and the judgment must be affirmed.